This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        NO. A-1-CA-36682

**SAVANNAH D. GONZALES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}     Defendant Savannah D. Gonzales appeals her conviction for aggravated battery of a household member, Daniel Lundquist (Victim). We issued a calendar notice

proposing to affirm. Defendant has responded with a memorandum in opposition. Not persuaded, we affirm.

**Prior Bad Act Evidence**

{2}     Defendant continues to challenge the admission of prior bad act evidence. [MIO 3] "We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72.

{3}     Here, Defendant had been found guilty of aggravated battery of a household member and she filed a de novo appeal in district court. [RP 3] In the district court trial, Victim testified that Defendant had hit him in the past. [MIO 3; DS 6] Defendant claims that these prior incidents were inadmissible prior bad act evidence. *See* Rule 11-404(B) NMRA. However, defense counsel signaled in opening statement that they would present evidence of Victim's prior bad acts, i.e. that he was the aggressor in their prior altercations. [DS 6-7] Consistent with the opening statement, Defendant's testimony referenced these prior bad acts. [DS 2-3] As a result, the admission of the prior bad acts of Defendant was admissible under Rule 11-404(A)(2)(b). Because Defendant had opened the door on prior bad act evidence, we conclude that the district court acted within its discretion in admitting this evidence irrespective of any claims of prejudice. *See* Rule 11-403 NMRA. It also follows that no prior notice was required

because Defendant was presumed to know that prior bad act evidence would be admissible if she opened the door.

**Comment on Right to Silence**

{4}     Defendant continues to claim that the court erred in admitting testimony on Defendant's invocation of her right to be silent. [MIO 8] *See generally State v. DeGraff*, 2006-NMSC-011, ¶ 12, 139 N.M. 211, 131 P.3d 61 (discussing comments on silence). Here, Defendant's brother testified that he picked Defendant up after the incident. [DS 5] Defendant was upset and appeared to have been in a physical confrontation. [DS 5] Defendant's brother testified that he drove her to the police station, where an officer there did not get Defendant's side of the story but instead treated her as a guilty party; as a result, he told Defendant not to say anything. [DS 5] Defendant's docketing statement indicated that the brother's comments were elicited by the prosecutor, who said "you told her not to speak to [the] officer[.]" [DS 9]

{5}     Under these circumstances, the district court could construe the prosecutor's comments as limited to an attack on the brother's credibility as a defense witness. *See State v. Rojo,* 1999-NMSC-001, ¶ 55, 126 N.M. 438, 971 P.2d 829 (noting that test is whether prosecutor's comments were directly aimed at a defendant's right to remain silent). The brother had stated that he wanted to have the officers take pictures of Defendant's injuries, because she was the victim. [DS 5] The prosecutor's question

3

was limited to his statement to his sister, and did not inquire into Defendant's response. As such, the district court could construe this as limited to the brother's own credibility.

{6}     For the reasons set forth above, we affirm.

{7}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**JULIE J. VARGAS, Judge**


_____
**STEPHEN G. FRENCH, Judge**